

FILED
CLERK U.S DISTRICT COURT

JAN 2 6 2017

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

EDDIE YARBROUGH,

               Petitioner,

      v.

DAVID VAUGHN, Warden,

               Respondent.

Case No. CV 17-425 BRO (MRW)

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

      The Court summarily dismisses Petitioner's defective state habeas action.

\* \* \*

      Petitioner, an inmate at the state prison in Sacramento, filed a request for an extension so that he can complete and file a habeas petition challenging his criminal conviction. Attached to his letter were the first and last pages of a form habeas petition. (Docket # 1.)

      Petitioner does not have an active case on file in this district. Indeed, his filing is apparently an attempt to extend the deadline to file a future habeas action. This procedure does not comply with the rules of this Court, so Petitioner's action must be dismissed.

1

* * *

2    Petitioner has not filed an actual habeas petition, nor has he filed any other
3  materials with this Court in connection with his case.  According to the motion, the
4  state supreme court denied review on his appeal in January 2016 (confirmed by
5  review of the state appellate court system's website).  However, Petitioner's
6  submission is not accompanied by any information regarding his criminal case or
7  the claims of error he wishes to assert on habeas review.
8    As a result, Petitioner failed to comply with the Rules Governing Section
9  2254 Cases in the United States District Courts.  Rule 2(d) expressly requires that a
10 state prisoner commence a habeas action by using a standard form prepared by the
11 Court.  In our district, prisoners must complete Form CV-69.  That form provides
12 the Court with basic information about the petitioner, his conviction, the prior
13 status of his case in state and federal court, and, most importantly, the federal
14 constitutional claims he wishes to pursue here.
15    A state prisoner must begin his case by filing a petition for a writ of habeas
16 corpus.  Petitioner's request for an extension to file his federal habeas petition – in
17 the absence of a properly filed petition – is inadequate and premature.  If he files
18 an action after the statutory deadline, Petitioner may be entitled to request
19 equitable tolling of the limitations period.[1]  However, at this stage, the Court
20 cannot extend the habeas filing period as Petitioner requests.

21

22

23

---

24    [1]    The Court observes that a state prisoner generally has a one-year period after
a conviction becomes final (generally, after the conclusion of all appellate
25 proceedings) to commence an action for federal habeas review. 28 U.S.C. § 2244.
In California, when a prisoner does not seek certiorari review of a conviction in the
U.S. Supreme Court, a prisoner's conviction generally becomes final 90 days after
26 the state supreme court denies a petition for review. Shannon v. Newland, 410
F.3d 1083, 1086 (9th Cir. 2005).  Because the state supreme court denied review
27 on January 13, 2016, Petitioner likely has until early April 2017 to file a timely
action.

28

1     Therefore, this action is DISMISSED without prejudice. For Petitioner's

2  convenience, the Clerk is directed to send him another blank Form CV-69 with a

3  copy of this Order.

4     IT IS SO ORDERED.

5

6

7  Dated:  1·24·17

8                                    HON. BEVERLY REID O'CONNELL
                                     UNITED STATES DISTRICT JUDGE
9

10

11  Presented by:

12

13

14  HON. MICHAEL R. WILNER
    UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28